## STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| KIP SPARBY, | Case No. 16-cv-3876 (DWF/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| UNITVERSITY OF MINNESOTA MEDICAL CENTER, JERRY SPARBY, HENNEPIN COUNTY MEDICAL CENTER | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, and upon Plaintiff Kip Sparby's application for leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). [Docket No. 2].

Plaintiff initiated the present case on November 10, 2016, by filing his Complaint and his application for leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). On December 21, 2016, this Court informed Plaintiff that it would not grant his IFP application because his Complaint was inadequate. (Order [Docket No. 3]). In that Order, the Court discussed the inadequacies of Plaintiff's Complaint, and it ordered Plaintiff to file an Amended Complaint addressing those inadequacies. (Id.). Plaintiff has since filed his Amended Complaint, [Docket No. 4], and his IFP application is once again before this Court. As discussed more fully below, the Court recommends that Plaintiff's Amended Complaint, [Docket No. 4], be dismissed

for failure to state a cause of action on which relief may be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     BACKGROUND

In its December 21, 2016, Order, [Docket No. 3], this Court ordered Sparby to file an Amended Complaint that states the grounds on which federal subject matter jurisdiction exists and "describe[s] what each Defendant involved in the events actually did (or failed to do) that allegedly violated Plaintiff's rights under the United States Constitution or federal law."  (Id. at 3–4). Sparby has now filed an Amended Complaint that adds the Hennepin County Medical Center ("HCMC") as a Defendant and refers to 42 U.S.C. § 1983, as well as, a number of federal statutes as the basis for federal subject matter jurisdiction.  The Amended Complaint still fails to provide any allegations against any individuals at either HCMC or the University of Minnesota Hospital. The only individual defendant is Jerry Sparby, who is a private citizen and may be a relative of plaintiff's. (Amended Compl., [Docket No. 4], at 10).[1]

Plaintiff's claims remain unclear but, as best as the Court can decipher, Plaintiff is alleging that a medical procedure was performed on him without his knowledge or consent. (Id. at 7). He repeatedly states that "something" was done to him and that "someone" hit him in the head. (Id. at 6–7). He seems to allege that the Defendants know what happened and are conspiring to keep it from him. (Id. at 7–8). He also alleges that some of his medical records and other "documents" are incorrect and "have been altered." (Id.). Plaintiff also alleges a widespread conspiracy against him that includes:

> someone or some others who hold more prominent positions then Jerry Sparby or physicians from these facilities . . . . There is no explanation why a couple of hospitals and numerous . . . doctors and employees from these facilities would not

---

[1] Plaintiff refers to eating meals at Defendant's house and waking up in the hospital with "Jerry Sparby at [his] bedside."  (Id. at 6).

follow legal protocol. Unless someone or some agency, who feels they are more powerful than the law and ignores legal procedure, is involved.

(Id. at 8).

## II.    ANALYSIS OF PLAINTIFF'S AMENDED COMPLAINT

An IFP applicant's complaint will be dismissed if the complaint fails to state a cause of action on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court must be able to infer more than a "mere possibility of misconduct" from the complaint. Iqbal, 556 U.S. at 679; see also, Magee v. Trustees of the Hamline University, 747 F.3d 532, 535 (8th Cir. 2014).

The plaintiff must "nudge his claims . . . across the line from conceivable to plausible." Iqbal, 556 U.S. at 680 (citing Twombly). This determination of whether the complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 678. "Labels and conclusions" and "naked assertion[s] devoid of 'further factual enhancement'" are insufficient for a complaint to survive screening for failure to state a claim. See, Iqbal, 556 U.S. at 678.

This Court finds that Sparby has not alleged sufficient facts in his Complaint to nudge any of his claims from conceivable to plausible. The vague allegations in the Complaint are too

"indeterminate" for the Court to infer anything illegal occurred. See, Braden v. Wal-Mart Stores, 588 F.3d 585, 594 (8th Cir. 2009) ("some factual allegations may be so indeterminate that they require 'further factual enhancement' in order to state a claim") (citing Iqbal, 556 U.S. at 678). Plaintiff alleges that he has not been "given the facts of this procedure or had honest documentation of [what] was done and continues to be done to [him] without [his] informed consent" but he never explains the actual procedure – who performed it, when it was performed, or why it was illegal. He alleges that "documents of mine have been altered" but he does not provide sufficient factual detail for this Court to infer that anything illegal occurred. Sparby merely concludes that because something bad happened to him, the Defendants must be responsible. This is not enough for the Court "to infer more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679.

Although the Court finds as a general matter that none of Sparby's allegations are sufficiently plausible to survive screening, in an abundance of caution, the Court addresses each of the claims against each Defendant in turn below.

### A.  Plaintiff's 42 U.S.C. § 1983 Claims

First, Plaintiff alleges that all three Defendants violated his constitutional rights by depriving him of "life and liberty" under the Fourteenth Amendment. He alleges that the hospital Defendants performed unwanted medical procedures on him after Defendant Sparby changed his emergency contact information.  (See, Amended Compl., [Docket No. 4], at 10).

In the context of a 42 U.S.C. § 1983 complaint for alleged violations of a plaintiff's constitutional rights, the plaintiff must describe each individual defendant's personal involvement in the alleged wrongdoing. See, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (providing that in a civil rights action "a plaintiff must plead that each Government-official

defendant, through the official's own individual actions, has violated the Constitution"); see also, Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999); Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").

To hold a local government entity liable (such as a county hospital), the plaintiff must provide sufficient factual material for the Court to infer a "policy, custom or practice" of the entity that is the "moving force" behind the constitutional violation. See, Monell v. Dept. of Social Service, 436 U.S. 658, 694 (1978); Russell v. Hennepin Cty., 420 F.3d 841, 846 (8th Cir. 2005). A public entity is "not liable for the negligent acts of its employees." Russell, 240 F.3d at 846; Monell, 436 U.S. at 691 ("a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") (emphasis in original).

In its previous Order, this Court informed Plaintiff that he appeared to be bringing only medical negligence claims under state law. If Plaintiff was attempting to make a civil rights claim, the Court ordered him to describe what each Defendant involved in the events actually did that allegedly violated his constitutional rights under 42 U.S.C. § 1983. (Order, [Docket No. 3], at 4). Sparby's Amended Complaint, [Docket No. 4], is insufficient in this regard. Sparby fails to make any allegations against any particular individuals at either the University of Minnesota Hospital or Hennepin County Medical Center, and in any event, neither of these entities can be held vicariously liable under 42 U.S.C. § 1983 for alleged negligent acts of their employees if any such acts had been pled. Sparby also fails to allege sufficient facts for this Court to infer that either the University Hospital or HCMC has any policy, custom or practice that violates his constitutional rights.

Moreover, according to the Amended Complaint, Jerry Sparby is a private citizen. (Amended Compl., [Docket No. 4], at 6, 10). In order for him to be liable for a violation of Plaintiff's constitutional rights under § 1983, however, Defendant Sparby must be a state actor. See, West v. Atkins, 487 U.S. 42 (1988); Brentwood Academy v. Tenn. Sec. School, 531 U.S. 288, 295 (2001) ("state action may be found, if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"); Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004) (using pre-Iqbal standard of review to dismiss and holding that "section 1983 secures most constitutional rights from infringement by governments, not private parties"). Plaintiff has not alleged sufficient facts for the Court to infer that Defendant Sparby's actions constituted any state action. See, Magee v. Trustees of Hamline, 747 F.3d 532, 535–36 (8th Cir. 2014).

In addition, because Plaintiff has failed to state a § 1983 claim, Plaintiff has also failed to allege a § 1985 claim against the Defendants. See, Cook v. Tadros, 312 F.3d 386, 388 (8th Cir. 2002) ("in the absence of a [constitutional] violation, there is no actionable conspiracy claim"); Procknow v. Curry, 26 F. Supp. 3d 875, 881 (D. Minn. 2014); Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005) ("The absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations.").

**B.  Additional Claims Based on Various Federal Statutes**

Plaintiff's Amended Complaint also attempts to raise claims against the Defendants other than his claims under 42 U.S.C. § 1983.

### 1.  University of Minnesota Hospital

Plaintiff alleges that the University Hospital violated 42 U.S.C. § 300ff-61, the Ryan White Comprehensive AIDS Resources Emergency Act of 1990. The purpose of that Act was to provide financial assistance to states and other entities to make delivery of services to individuals and families with HIV. See, 42 U.S.C. § 300ff. Plaintiff has not made any allegations in the complaint having to do with HIV and, in any event, the Act did not provide a private cause of action either explicitly or implicitly. See, AIDS Healthcare Foundation, Inc. v. Orange County, 2009 WL 33535 *2 (M.D. Fla. 2009).

Plaintiff next alleges that the University violated the federal identity theft statute, 18 U.S.C. § 1028; however, "federal courts have held that 18 U.S.C. § 1028 is purely criminal in nature and creates no private right of action." See e.g., Hernandez v. Doe, 2016 WL 4995231 *2 (E.D.N.Y. 2016) (citing Senese v. Hindle, 2011 WL 4536955 at *12 (E.D.N.Y. 2011)); Shannon v. Thor Real Estate, 2016 WL 6216006 *2 n. 1 (E.D. Mich. 2016); Adams v. Liberty Discount, 2010 WL 3122837 *2 (W.D. Ark. 2010); Smith v. Mutual Savings Life Ins., 2014 WL 2991091 *2 (N.D. Fla. 2014).

### 2.  Defendant Jerry Sparby

Plaintiff also alleges that Defendant Sparby violated 18 U.S.C. § 1028; however, as discussed above, that is a purely criminal statute creating no private cause of action.

Plaintiff next alleges that Jerry Sparby violated 18 U.S.C. § 1030, the Computer Fraud and Abuse Act, by going through personal items in Plaintiff's computer and phone. The Computer Fraud and Abuse Act ("CFAA") was intended "primarily to deter computer hacking," and it provides a private cause of action for any person "suffering damage or loss" from a violation of the act. 18 U.S.C. § 1030(g). The CFAA contains seven subsections with separate

violations, however, Plaintiff does not explain how the vague and confusing allegations he included in his factual summary connect to any of the various provisions in the CFAA. (See, Amended Compl. [Docket No. 4]). Additionally, some of the subsections of the CFAA include a requirement that the violator act with intent to defraud which in turn requires a heightened pleading standard under Rule 9(b) for allegations of fraud. See, Saunders v. Davis, 2016 WL 4921418 *3 & n. 18 (D.D.C. 2016); see also, 18 U.S.C. §§ 1030(a)(4), 1030(a)(6); Fed. R. Civ. P. 9(b).

Plaintiff Sparby fails to describe which subsection of the statute has been violated let alone describe any violations with particularity. Considering the complexity of the CFAA and Plaintiff's Amended Complaint's lack of factual allegations supporting a claim under the CFAA, Plaintiff's "passing reference" to the statute in his Amended Complaint is insufficient for this Court to find that he has plausibly alleged a violation of the Act. See, Saunders, 2016 WL 4921418 *3 & n. 18; see also, Hot Stuff Foods v. Dornbach, 726 F. Supp. 2d 1038, 1044–45 (D. Minn. 2010) (dismissing CFAA claim for failure to state a claim); Czech v. Wall Street on Demand, 674 F. Supp. 2d 1102 (D. Minn. 2009) (same); Cenveo Corp. v. Celumsolutions Software, 504 F. Supp. 2d 574, 580–81 (D. Minn. 2007) (same).

Plaintiff finally alleges that Defendant Sparby violated 18 U.S.C. § 2701, the Stored Communications Act. The Stored Communications Act provides a civil cause of action against anyone who "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage . . . ." 18 U.S.C § 2701; 18 U.S.C §

2707 (providing for civil cause of action). Plaintiff's allegations are too vague and conclusory for the Court to infer that Defendant Sparby violated that Act.

Plaintiff has not alleged that Defendant Sparby "access[ed] without authorization a facility through which an electronic communication service is provided." Rather, he seems to allege (although even this basic allegation is unclear) that Defendant Sparby asked the University of Minnesota to change Plaintiff's "emergency contact." (Amended Compl., [Docket No. 4], at 8). The Court finds that this single allegation is not sufficient, even within the context of Plaintiff's other allegations, to nudge this claim across the line from conceivable to plausible.

For all of the reasons discussed above, the Court concludes that Plaintiff's Amended Complaint, [Docket No. 4], fails to state a claim upon which relief could be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff Kip Sparby's Amended Complaint, [Docket No. 4], be **DISMISSED** without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and

2. Plaintiff Kip Sparby's application for leave to proceed *in forma pauperis*, [Docket No. 2], be **DENIED as moot**.

Dated:  March  31, 2017                    s/Leo I. Brisbois
                                           Leo I. Brisbois
                                           United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.